USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY M. ESPINAL LORA,

                Plaintiff,

        -against-

COWMAN INTERMODAL GROUP, LLC
and STEPHEN K. WIRTZ,

                Defendants.

---

1:23-cv-009013 (MKV)

**ORDER GRANTING
DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

---

MARY KAY VYSKOCIL, United States District Judge:

      Before the Court are Defendants' motion to partially preclude the testimony of Dr. Shahid Mian and their motion for summary judgment seeking dismissal of Plaintiff's Complaint, [ECF No. 1-1, ("Compl.")], pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion for summary judgment is GRANTED and Defendants' motion to preclude is DENIED as moot.

## BACKGROUND[1]

### I.    Factual Background

#### A.  *The Accident*

      On January 11, 2023, Plaintiff was in a car accident when she was driving and her vehicle came into contact with a vehicle[2] driven by Defendant Stephen K. Writz and owned by Defendant Cowan Intermodal Group, LLC. Compl. ¶¶ 5–7; Pl. 56.1 ¶ 2. The accident occurred on the Cross

---

[1] The Court resolves all ambiguities and draws all reasonable inferences in favor of Plaintiff, as the non-moving party. *See Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). The facts are derived from the Complaint, to the extent it is supported by the record, and the parties' submissions in connection with Defendants' motion for summary judgment, including their Rule 56.1 statements. Citations to "Pl. 56.1 ¶" are in reference to ECF No. 42–1, the 56.1 Statement that contains both Defendants' Rule 56.1 Statement [ECF No. 30–1] and Plaintiff's responses and the evidence cited therein.

[2] The vehicle driven by Defendant Writz is sometimes referred to by the parties as a vehicle and other times is referred to as a tractor-trailer. For sake of clarity, the Court will refer to it as a vehicle throughout the opinion.

Bronx Expressway.  Pl. 56.1 ¶¶ 9, 11.  Plaintiff was hit one time on the right passenger side of her car.  Pl. 56.1 ¶¶ 12–14.  Plaintiff testified that her neck, lower back, and left shoulder made contact with the inside of the car as a result of the impact and specifically, she hit her neck on the driver's side headrest, her back hit her seat, and her shoulder struck some part of the interior of the car.  Pl. 56.1 ¶¶ 15–16.

### B.  Plaintiff's Treatment

Plaintiff was taken from the scene to Jacobi Hospital where she received a shot for her pain and some pills.  Pl. 56.1 ¶¶ 17–18.  No MRIs or X-rays were performed on Plaintiff at that time.  Pl. 56.1 ¶ 19.  One week after the accident Plaintiff went to Yellowstone Medical Rehab ("Yellowstone") where Dr. McGee performed a physical examination and Plaintiff received massage, acupuncture, and some form of electric stimulation.  Pl. 56.1 ¶ 24; *see also* Declaration of John McGee, D.O., ("McGee Decl."), [ECF No. 43–6].  Plaintiff was referred by Yellowstone to get MRIs on her left shoulder, neck, and lower back.  Pl. 56.1 ¶¶ 21, 23, 26.  Thereafter, on February 14, 2023, Plaintiff underwent an MRI of her left shoulder, *see* ECF No. 43–4, and on February 16, 2023, Plaintiff had an MRI of her Cervical and Lumbar Spine.  *See* ECF No. 43–5.

Plaintiff visited Dr. Shahid Mian, the next month, in February 2023, complaining of neck, back, and shoulder pain.  *See* Declaration of Shahid Mian, M.D., ("Mian Decl."), [ECF No. 43–7].  Dr. Mian performed a physical examination and diagnosed her with "other sprain of left shoulder joint," "Impingement syndrome of shoulder region (disorder)," "Unsp inj musc/tend the rotator cuff of l shoulder, init," "Traumatic rupture of lumbar Intervertebral disc (disorder)," and "Traumatic rupture of cervical intervertebral disc (disorder)."  Mian Decl. at 1–5.  Dr. Mian stated throughout his records and medical notes that "Injuries- Neck, low back and left shoulder are causally related 01/11/2023 accident," but does not include any explanation to support that

conclusion.  *See* Mian Decl. at 7, 10, 17, 20, 23, 26.  Dr. Mian's initial plan for Plaintiff included prescribing medication and physical therapy.  *See, e.g.,* Mian Decl. at 6, 8, 11.

Thereafter, Plaintiff had an initial consultation with Dr. Sebastian Lattuga in March 2023 during which he performed a physical examination of Plaintiff and ultimately diagnosed Plaintiff with herniated cervical disc and intervertebral disc disorder with radiculopathy of lumbar region. Pl. 56.1 ¶¶ 46–50, 53; Report of Sebastian Lattuga, M.D., ("Lattuga Report"), [ECF No. 43–6]. Approximately three months after the accident, in March 2023, Dr. Lattuga performed a fusion operation on Plaintiff's neck/cervical back.  Pl. 56.1 ¶¶ 28, 51.  Thereafter, Dr. Lattuga also performed a back fusion operation on Plaintiff approximately six months after the accident, on June 1, 2023.  Pl. 56.1 ¶¶ 31–32, 52.  In his narrative Report in this case, Dr. Lattuga opined that "[i]t can be stated to a reasonable degree of medical certainty" that Plaintiff's injuries are "permanent" and that "the motor vehicle accident of 01/11/2023 is the competent producing cause of his [sic] injuries . . . ."  Lattuga Report at 13–14.

Ultimately, Dr. Mian performed an operation on Plaintiff's left shoulder on August 9, 2023, approximately eight months after the accident.  Pl. 56.1 ¶¶ 34–35, 58; Mian Decl. at 13.

### *C.  Medical Expert Reports*

Each side retained medical experts to examine Plaintiff and opine on the extent and cause of her injuries.  Defendants' medical experts are Dr. Jack Choueka, M.D., and Dr. Jeffrey Spivak, M.D..  Plaintiff's medical experts are Dr. Lattuga, who also was one of Plaintiff's treating physicians, and Dr. Joseph Carfi, M.D..

Defendants' expert, Dr. Jack Choueka performed an independent medical examination of Plaintiff's left shoulder on July 31, 2024.  *See* Report of Jack Choueka, M.D. ("Choueka Report"), [ECF No. 39–11]; Pl. 56.1 ¶ 72.  Dr. Choueka opined that the MRI on Plaintiff's left shoulder

showed no evidence of any traumatic injury, no evidence of rotator cuff or labral tearing, and no evidence of any fractures or dislocations.  Choueka Report at 4; Pl. 56.1 ¶¶ 72–73.[3]  Dr. Choueka found some "mild hypertrophic area at the acromioclavicular joint," but concluded that it was not traumatic in nature.  Choueka Report at 4.   Dr. Choueka further concluded that a review of the arthroscopy pictures "showed no evidence of any traumatic injury."  Choueka Report at 4.  Dr. Choueka opined that "[t]here was small degenerative labral fraying of the superior labrum," but it was not related to a traumatic injury.  Choueka Report at 4.

Defendants' other expert, Dr. Jeffrey Spivak also performed an independent medical examination on Plaintiff on August 20, 2024.  *See* Report of Jeffrey Spivak, M.D., ("Spivak Report"), [ECF No. 39–10].  Dr. Spivak concluded that "MRIs done five weeks after the accident noted multilevel degenerative changes in both regions of the spine."  Spivak Report at 5–6.  Dr. Spivak opined that "[t]here were no acute traumatic findings," "no evidence of any structural injury to the lower back resulting from the 1/11/23 motor vehicle accident," and "[t]he indication for the cervical spine surgery performed was the chronic degenerative change at C6-7 including a disc osteophyte complex which is unrelated to the 1/11/23 accident.  Spivak Report at 6.   In Dr. Spivak's opinion, the indication for the cervical spine surgery performed was related to a chronic degenerative condition that was unrelated to the January 11, 2023 accident.  *See* Pl. 56.1 ¶ 70.[4]  Dr. Spivak further concluded that "[r]egarding the lumbar spine, there is no evidence of any structural injury to the lower back resulting from the 1/11/23 motor vehicle accident" and "[t]he

---

[3] Plaintiff objects to this fact assertion in Defendants' 56.1 Statement, arguing that it is inappropriate for a statement of facts because Defendants are attempting to prove an ultimate issue.  However, Plaintiff's response does not comply with Local Rule 56.1 because it does not deny or controvert Defendants' statement of fact with a citation to admissible evidence.  Thus, this fact is deemed admitted.

[4] *See* n.3 *supra*.

initial MRI shows multilevel spondylosis with stenosis at L3-4 on a degenerative basis." Spivak Report at 6.

Plaintiff's expert, Dr. Joseph Carfi performed a physical examination of Plaintiff, on September 10, 2024, Pl. 56.1 ¶¶ 55–56, and subsequently drafted a narrative report of his opinions and conclusions. *See* Report of Joseph Carfi, M.D. ("Carfi Report"), [ECF No. 43–9]. Dr. Carfi concluded that based upon medical records, imaging, and a physical examination, Plaintiff suffered numerous injuries in the motor vehicle accident in January 2023, her conditions are permanent, and her impairments are of such a nature that she is precluded from gainful employment. Carfi Report at 6; *see also* Pl. 56.1 ¶ 57.

## II.    Procedural History

Plaintiff filed her Complaint on April 19, 2023 in Supreme Court, Bronx County. Pl. 56.1 ¶ 1. Plaintiff asserts claims for negligence and seeks damages for her physical injuries and the property damage to her car. *See* ECF No. 1–1.

Defendants filed their Answer and subsequently timely removed the case to this Court, invoking the Court's diversity jurisdiction. Pl. 56.1 ¶¶ 4–5. Thereafter, after the close of discovery, Defendants simultaneously moved for summary judgment [ECF No. 39, ("Defs. SJ Mot.")] and to partially preclude the testimony of treating physician Dr. Mian. [ECF No. 40]. Plaintiff separately opposed the motion for summary judgment [ECF No. 42, ("Pl. SJ Opp.")][5] and

---

[5] The Court admonishes Plaintiff for filing a memorandum of law that is significantly over the length allowed both by this Court's Individual Rules of Practice in Civil Cases, *see* Rule 4A(iii), and the Local Rules. *See* Rule 7.1(c).

the motion to preclude. [ECF No. 41]. Defendants replied in connection with each motion. [ECF No. 44, ("Defs. SJ Reply"); ECF No. 45].

## **LEGAL STANDARD**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("It is the movant's burden to show that no genuine factual dispute exists."). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Liverpool v. Davis*, 442 F. Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." *Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 33 (2d Cir. 1997).

Once the moving party meets its burden, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A party opposing summary judgment "may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). Rather, the party opposing summary judgment must provide "hard evidence" of an issue for trial. *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998). But, the Court "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006).

## DISCUSSION

Plaintiff asserts claims for negligence and seeks damages pursuant to the New York No-Fault Law, *see* ECF No. 1–1.  As such, this Court, a federal court sitting in diversity, must apply the substantive law of New York.  *See, e.g., Khan v. Yale Univ.*, 85 F.4th 86, 89 (2d Cir. 2023); *Schwimmer v. Allstate Ins. Co.,* 176 F.3d 648, 650 (2d Cir. 1999).

The New York State Legislature passed the No-Fault Law, N.Y. Ins. Law §§ 5101–5109, "to weed out frivolous claims and limit recovery to significant injuries." *Toure v. Avis Rent A Car Sys., Inc.*, 98 N.Y.2d 345, 350, 774 N.E.2d 1197, 1199 (2002).  The New York Court of Appeals explained that "the objective" of the No-Fault Law was to "promot[e] prompt resolution of injury claims, limit[] cost to consumers and alleviat[e] unnecessary burdens on the courts." *Pommells v. Perez*, 4 N.Y.3d 566, 571, 797 N.Y.S.2d 380, 389 (2005); *see also Conde v. United States*, No. 19-CV-8506, 2021 WL 3604701, at *5 (S.D.N.Y. Aug. 13, 2021) (explaining that the underlying purpose of New York's No-Fault Law is "to promote prompt resolution of vehicular injury claims while alleviating unnecessary burdens on the courts").

Pursuant to New York's No-Fault Law, in order for a plaintiff to recover claims for personal injury losses that exceed a $50,000 threshold, a plaintiff must present evidence (1) that her injury is "serious" and (2) that the injury was proximately caused by the accident at issue.  *See* N.Y. Ins. Law §§ 5101–5109; *Pommells*, 4 N.Y.3d at 571, 797 N.Y.S.2d at 389; *see also Rhone v. United States*, No. 04-CV-5037, 2007 WL 3340836, at *6 (S.D.N.Y. Nov. 9, 2007) (quoting *Carter v. Full Service, Inc.,* 29 A.D.3d 342, 344, 815 N.Y.S.2d 41, 43 (1st Dep't 2006) ("a plaintiff is required to present competent, non-conclusory expert evidence sufficient to support a finding, not only that the alleged injury is 'serious' within the meaning of Insurance Law § 5102(d), but also that the injury was proximately caused by the accident at issue.").

As an initial matter, Defendants argue that Plaintiff has not sustained a serious injury to her neck, back, or left shoulder as defined by the statute and thus Defendants are entitled to summary judgment. Defs. SJ Mot. at 10–23. Plaintiff argues that at a minimum she has raised a genuine dispute of material fact with respect to whether she has suffered a serious injury to preclude summary judgment. Pl. SJ Opp. at 28–50. Even if Plaintiff has adequately raised a dispute of material fact with respect to whether she has suffered a serious injury as defined by the statute, Defendants are nonetheless entitled to summary judgment because Plaintiff has failed to raise a genuine dispute of material fact with respect to causation.[6]

Where a defendant offers in support of a motion for summary judgment " 'persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff ha[s] the burden to come forward with evidence addressing defendant's claimed lack of causation' and '[i]n the absence of any such evidence . . . defendant [i]s entitled to summary dismissal of the complaint.' " *Smith v. Gray*, No. 21-2035-CV, 2022 WL 1418973, at *1 (2d Cir. May 5, 2022) (summary order) (quoting *Pommells*, 4 N.Y.3d at 580, 830 N.E.2d at 287); *see also Arenes v. Mercedes Benz Credit Corp.,* No. 03-CV-5810, 2006 WL 1517756, at *6 (E.D.N.Y. June 1, 2006) ("If the plaintiff fails to meet that burden, summary judgment must be granted to the defendant.").

Here, Defendants presented persuasive evidence in the form of expert testimony that Plaintiff's injuries were not caused by the accident, but rather were the result of pre-existing degenerative conditions. Specifically, Dr. Spivak opined that "MRIs done five weeks after the accident noted multilevel *degenerative changes* in both regions of the spine." Spivak Report at 5–6 (emphasis added). Dr. Spivak's found that "[t]here were no acute traumatic findings," "no evidence of any structural injury to the lower back resulting from the 1/11/23 motor vehicle

---

[6] As such, the Court does not substantively address the parties' arguments with respect to whether Plaintiff suffered a "serious injury."

accident," and "[t]he indication for the cervical spine surgery performed was the *chronic degenerative change* at C6-7 including a disc osteophyte complex which is unrelated to the 1/11/23 accident." Spivak Report at 6 (emphasis added). Similarly, Dr. Spivak's Report further concluded that "[r]egarding the lumbar spine, there is no evidence of any structural injury to the lower back resulting from the 1/11/23 motor vehicle accident" and "[t]he initial MRI shows multilevel spondylosis with stenosis at L3-4 on a *degenerative basis*." Spivak Report at 6 (emphasis added). Similarly, Dr. Choueka concluded that a review of Plaintiff's MRI and arthroscopy pictures "showed no evidence of any traumatic injury." Choueka Report at 4. Dr. Choueka further opined that he "did not find any objective evidence of upper extremity injury based on the claimed accident." Choueka Report at 4. Instead, Dr. Choueka found some "mild hypertrophic area at the acromioclavicular joint," but that it was not traumatic in nature and "[t]here was small *degenerative* labral fraying of the superior labrum," but it was not related to a traumatic injury. Choueka Report at 4 (emphasis added).

This is sufficient to carry Defendants' initial burden of coming forward with persuasive evidence that all of Plaintiff's alleged serious injuries were due to pre-existing degenerative conditions and not casually related to the accident. *See Pommells*, 4 N.Y.3d at 579, 830 N.E.2d at 286 (concluding that the "defendant presented evidence of a preexisting degenerative disc condition causing plaintiff's alleged injuries" through a doctor's physical examination of the plaintiff and review of prior medical records which shifted the burden to the plaintiff to rebut); *see also Smith*, 2022 WL 1418973, at *2 (concluding that the defendant "clearly made a *prima facie* showing that [the p]laintiff's serious injury was not" caused by the accident because the defendant's expert examined MRIs performed on the plaintiff and found "that there was no evidence of a traumatically-induced condition" from the accident date and "appeared to be"

degenerative in nature); *Manzi v. Davey Tree Expert Co.*, 977 F. Supp. 2d 150, 158 (E.D.N.Y. 2013) (concluding that a doctor's report finding that the MRI of the plaintiff did not demonstrate any tears or fractures and instead showed a pre-existing condition was sufficient to "establish a prima facie case that Plaintiff did not sustain a serious injury to his right knee causally related" to the accident).

To survive summary judgment, Plaintiff must "com[e] forward with evidence indicating a serious injury casually related to the accident" to raise a genuine issue of fact to preclude summary judgment. *See Pommells*, 4 N.Y.3d at 579, 830 N.E.2d at 286; *see also Yong Qin Luo v. Mikel*, 625 F.3d 772, 778 (2d Cir. 2010) (explaining that once the defendant established a *prima facie* case that plaintiff has not suffered a serious injury causally related to the accident, the burden shifts to the plaintiff to raise a dispute of material fact). Plaintiff has failed to do so here.

As an initial matter, Plaintiff's experts and treating physicians merely pepper their medical records or reports with conclusory statements that do not provide further explanation or analysis to support their conclusions as to causation. *See, e.g.*, Lattuga Report at 1 (Plaintiff "was involved in a motor vehicle accident on 01/11/2023, sustaining injury to the neck and back as a result"), 2, 5 ("The patient sustained injury on 01/11/2023."); Mian Decl. at 7, 10, 17, 20, 23, 26 ("Injuries-Neck, low back and left shoulder are causally related 01/11/2023 accident."). These entirely conclusory statements are plainly insufficient to defeat Defendants' motion for summary judgment. *See Oh v. HYS Livery Serv., Inc.*, No. 24-1111-CV, 2025 WL 967692, at *2 (2d Cir. Mar. 31, 2025) (summary order) (findings that "bald assertions, unaccompanied by any rationale" of plaintiff's experts with respect to causation is insufficient "to create a genuine issue of fact."); *see also Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008)

(explaining that an "expert's conclusory opinions" cannot carry a plaintiff's burden on summary judgment).

Some of Plaintiff's proffered evidence, including the reports of Doctors Carfi and Lattuga, and the medical records provided by Dr. McGee, did include some very slim explanations for their conclusions with respect to causation of Plaintiff's injuries. *See, e.g.,* Carfi Report at 6 ("Based upon the medical records, history, and physical examination, Ms. Espinal-Lora . . . suffered numerous injuries in the motor vehicle [] accident of 01/11/23."); McGee Decl. at 5, 70, 76, 80, 85, 90 ("I feel that there is a direct causal relationship between the accident described and the patient's current injuries to the described areas. The symptoms and clinical findings are consistent with musculoskeletal injuries to the described areas."); Lattuga Report at 13 ("based on the patient's history, the objective tests, such as the aforementioned range of motion testing, and a review of the MRI of his [sic] Cervical Spine and Lumbar Spine it can be stated with a reasonable degree of medical certainty that Nancy Espinal Lora's disc herniations, symptomatology and limited range of motion of his [sic] neck and back are causally related to the accident of 01/11/2023.").

To the extent that these statements are also not entirely conclusory, they are nonetheless insufficient to preclude summary judgment because none of the evidence proffered by Plaintiff specifically addresses, let alone rebuts, Defendants' experts' opinions that Plaintiff's injuries were due to pre-existing or degenerative condition. Instead, Plaintiff's experts simply assert that in their opinion Plaintiff's injuries were caused by the accident. While at first blush this could appear to create a "battle of the experts" requiring the denial of Defendants' motion for summary judgment, the New York Court of Appeals, the Second Circuit applying the rule articulated by the New York Court of Appeals, and numerous other courts in this Circuit, have consistently held that a plaintiff's

failure to specifically rebut persuasive evidence that the plaintiff's injuries were due to a pre-existing or degenerative condition and thus not causally related to the accident warrants granting summary judgment.

In *Pommells v. Perez*, the New York Court of Appeals heard a consolidated appeal arising out of three cases in which, like here, the plaintiffs claimed to have suffered serious injuries, including herniated discs, caused by motor vehicle accidents. 4 N.Y.3d at 572, 830 N.E.2d at 281. The Court of Appeals in *Pommells* noted the tension between the goal of the No-Fault Law in promoting the prompt resolution of "serious injury" claims while preventing "abuses that clog the courts and harm the public." *Id.* The Court concluded that "even where there is objective medical proof" of a serious injury "when additional contributory factors interrupt the chain of causation between the accident and claimed injury--such as . . . a preexisting condition--summary dismissal of the complaint may be appropriate." *Id.* In *Pommells*, the Court concluded that the defendant was entitled to summary judgment because although the plaintiff came forward with an expert report that included "specific losses of range of motion in plaintiff's spine" and opined "that plaintiff suffered serious and permanent injuries which were causally related to the accident, plaintiff did not refute defendant's evidence of a preexisting degenerative condition[,]" and thus summary judgment was required. *Id.* at 579–80 (internal citation omitted).

Similar to *Pommells*, summary judgment is appropriate here because none of the evidence proffered by Plaintiff specifically rebuts or addresses Defendants' experts' opinions that Plaintiff's injuries were due to pre-existing degenerative conditions. Instead, Plaintiff's experts simply assert that in their opinion Plaintiff's injuries were caused by the accident, which is insufficient to preclude summary judgment. *See Agard v. Bryant*, 24 A.D.3d 182, 182, 805 N.Y.S.2d 348, 349 (1st Dep't 2005) (granting defendant's motion for summary judgment where "[t]he sworn medical

report plaintiff submitted in opposition failed to refute, or even to address, the opinion of defendant's expert that the limitations of plaintiff's knees resulted from a preexisting degenerative condition"); *Smith*, 2022 WL 1418973, at \*2 (affirming summary judgment where plaintiff's expert "report made no effort to explain its causality conclusion or rebut the notion that [the] injuries were due to a preexisting condition").

Plaintiff argues in her opposition brief that it was Dr. Mian's opinion that Plaintiff's left shoulder injury was causally related to her accident and "not due to pre-existing condition and/or degeneration." *See* Pl. Opp. at 41. She similarly urges that it was Dr. Lattuga's opinion that Plaintiff's injuries to her cervical and lumbar spine were causally related to her accident of January 11, 2023 and "not due to pre-existing condition and/or degeneration." *See* Pl. Opp. at 43. However, Plaintiff provides no citation or evidentiary support for the suggestion that these doctors concluded Plaintiff's injures were "not due to pre-existing condition and/or degeneration." The Court's careful independent review of Dr. Mian's records and Dr. Lattuga's report found no mention whatsoever, much less a refutation, of pre-existing or degenerative conditions. In reality, while Plaintiff provided evidence in the form of medical records that Plaintiff reported having no prior injuries and/or was asymptomatic prior to the accident and expert reports that opined Plaintiff's injuries were causally related to the January 2023, none of the proffered evidence clearly rules out, discusses, or rebuts Defendants' persuasive evidence that Plaintiff's injuries were due to degenerative conditions.

In *Flores v. Bergtraum*, in response to Defendants' experts' conclusions that Plaintiff's injuries were the result of a pre-existing degenerative condition, Plaintiff's experts "simply claim[ed] to have considered Plaintiff's medical history" including reviewing images, tests, and examinations, and concluded that Plaintiff's injuries were "traumatic in origin and causally related

to the motor vehicle accident."  No. 20-CV-1240, 2022 WL 125372, at *13 (S.D.N.Y. Jan. 13, 2022), *aff'd*, No. 22-260-CV, 2023 WL 3047968 (2d Cir. Apr. 24, 2023).  The court in *Flores*, applying the rule articulated in *Pommells*, concluded that the plaintiff had "failed to refute, or even to address, the opinion of [the d]efendant's expert that the [injury] resulted from a preexisting degenerative condition."  *Id.*  Similarly, in *Lhotan v. Cahill*, the court concluded that the defendant came forward with " 'persuasive evidence' that plaintiff's neck, back, and hip injuries are the result of preexisting degenerative conditions or otherwise were not caused by the collision" and therefore "the burden shift[ed] to plaintiff to raise a genuine issue of fact as to causation."  No. 22-CV-7681, 2025 WL 2051625, at *10 (S.D.N.Y. July 22, 2025) (quoting *Smith*, 2022 WL 1418973, at *2).  The court granted summary judgment because while the plaintiff did file an expert report that concluded "with a reasonable degree of medical certainty the accident . . . was the direct cause of plaintiff's injuries[,]" the report did not address the conclusions of defendant's experts that plaintiff's injuries were caused by preexisting degenerative conditions.  2025 WL 2051625, at *10.  The court concluded that because plaintiff had "failed to raise a triable issue of fact regarding the cause of [the plaintiff's] neck, back, and hip injures[,]" summary judgment was appropriate.  *Id.*

Here, just as in *Pommells*, *Flores*, and *Lhotan*, the evidence proffered by Plaintiff failed to rebut Defendants' persuasive evidence that Plaintiff's alleged injuries were the result of pre-existing degenerative conditions and thus Plaintiff has failed to raise a material dispute of fact as to causation.  *See Vasquez v. Almanzar*, 107 A.D.3d 538, 540, 967 N.Y.S.2d 361, 363 (1st Dep't 2013) (granting summary judgment where plaintiff's physicians "failed to refute the finding of defendants' expert that the condition identified . . . was preexisting and not causally related to the accident"); *see also Valentin v. Pomilla*, 59 A.D.3d 184, 186 873 N.Y.S.2d 537, 539 (1st Dep't

2009) (granting summary judgment where plaintiff's expert failed "to mention, let alone explain, why he ruled out degenerative changes as the cause of plaintiff's knee and spinal injuries").

In short, in response to Defendants' evidence that Plaintiff's injuries were due to degenerative pre-existing conditions and not casually related to the accident, Plaintiff failed to raise a material dispute of fact with respect to the cause of her alleged serious injuries. Accordingly Defendants are entitled to summary judgment.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED. Defendants' Motion to Preclude testimony from one of Plaintiff's treating physicians is DENIED as moot. The Clerk of Court is respectfully requested to terminate docket entries 39 and 40 and to close this case.

**SO ORDERED.**

Date:  September 29, 2025
     New York, NY

                               **MARY KAY VYSKOCIL**
                               **United States District Judge**