USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY M. ESPINAL LORA,

Plaintiff,

-against-

COWAN INTERMODAL GROUP, LLC and STEPHEN K. WIRTZ,

Defendants.

1:23-cv-009013 (MKV)

**OPINION & ORDER DENYING MOTION FOR RECONSIDERATION**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Nancy M. Espinal Lora moves for reconsideration of this Court's Opinion and Order granting Defendants' motion for summary judgment, [ECF No. 47] (the "MSJ Opinion"), which dismissed Plaintiff's Complaint, [ECF No. 1-1 (the "Complaint" or "Compl.")]. [ECF No. 53] (the "MFR"). Defendants filed a memorandum in opposition to Plaintiff's motion, [ECF No. 55] ("D. Mem."), and Plaintiff filed a reply, [ECF No. 56 (the "Reply")]. For the following reasons, Plaintiff's motion for reconsideration is DENIED.

## BACKGROUND

On January 11, 2023, Plaintiff was in a car accident with a vehicle driven by Defendant Stephen K. Writz and owned by Defendant Cowan Intermodal Group, LLC. *See* Compl. ¶¶ 5–7; P1. 56.1 ¶ 2.[1] The right passenger side of Plaintiff's car was hit, *see* P1. 56.1 ¶¶ 12–14, and Plaintiff testified that her neck, lower back, and left shoulder hit the interior of her car because of the impact, *see* P1. 56.1 ¶¶ 15–16. Following the accident, Plaintiff underwent physical examinations, as well as MRIs on her left shoulder, neck, and cervical and lumbar spine. *See* P1. 56.1 ¶¶ 21, 23, 26; [ECF Nos. 43-4 (the "Annese MRI Affirmation"), 43-5 (the "Hershowitz MRI Affirmation")].

[1] Citations to "P1. 56.1 ¶" are in reference to [ECF No. 42-1], the 56.1 Statement that contains both Defendants' Rule 56.1 Statement [ECF No. 30-1] and Plaintiff's responses and evidence cited therein.

Plaintiff was treated by Drs. Shahid Mian and Sebastian Lattuga, who also served as a medical expert, and examined by medical expert Dr. Joseph Carfi—all of whom opined that Plaintiff's injuries were causally related to the accident. *See* [ECF No. 43-7 (the "Mian Decl.") at 7, 10, 17, 20, 23, 26]; [ECF No. 43-6 (the "Lattuga Report") at 13–14]; [ECF No. 43-9 (the "Carfi Report") at 6]. Defendants retained experts Drs. Jack Choueka and Jeffrey Spivak, both of whom opined that there was no evidence of traumatic injury and, moreover, that the injuries were related to a pre-existing condition. *See* [ECF No. 39-11 (the "Choueka Report") at 4]; [ECF No. 39-10 (the "Spivak Report") at 6]; P1. 56.1 ¶¶ 70,[2] 72–73.

Plaintiff filed her Complaint on April 19, 2023, in New York State Supreme Court, Bronx County. *See* P1. 56.1 ¶ 1. She asserted claims for negligence and sought damages for her physical injuries and the damage to her car. *See* Compl. Defendants filed their Answer and timely removed the case to this Court, invoking the Court's diversity jurisdiction. *See* Notice of Removal [ECF No. 1]. After the close of discovery, Defendants moved for summary judgment, [ECF No. 39 (the "MSJ")], and to exclude in part the testimony of treating physician Dr. Mian, [ECF No. 40 (the "MTE")]. Plaintiff opposed the motion for summary judgment, [ECF No. 42, (the "MSJ Opp.")], and the motion to exclude, [ECF No. 41 (the "MTE Opp.")]. Defendants replied in connection with each motion. [ECF No. 44, (the "MSJ Reply"); ECF No. 45 (the "MTE Reply")]. The Court granted Defendants' motion for summary judgment and denied Defendants' motion to preclude as moot. *See* MSJ Opinion at 15.

The Court found that Defendants were entitled to summary judgement because Plaintiff failed to raise a genuine dispute of material fact with respect to causation. *See* MSJ Opinion at 8. Specifically, the Court found that the Defendants had carried their burden to come forward with

[2] The Court previously deemed the statement of fact at P1. 56.1 ¶ 70 admitted. *See* MSJ Opinion at 4 n.3.

persuasive evidence in the form of expert testimony that Plaintiff's injuries were not caused by the accident, but rather by pre-existing degenerative conditions. *See id.* at 8–9. The burden then shifted to the Plaintiff to come forward with evidence linking the injury to the accident. *See id.* at 10. Although Plaintiff presented expert testimony of her own, it was insufficient to defeat summary judgment because it consisted mostly of conclusory assertions and did not rebut Defendants' evidence. *See id.* at 11.

Plaintiff now moves for reconsideration on the grounds that: (i) the Defendant failed to make a prima facie showing that Plaintiff's injuries were not caused by the accident; (ii) the Court relied on outdated precedent in evaluating Plaintiff's submissions with respect to causation; and (iii) the Court failed to address a theory of Plaintiff's claim based on Section 5102(d) of the New York Insurance Law (the "90/180 Claim").

## **LEGAL STANDARD**

Reconsideration of an earlier decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011). Reconsideration is warranted only where there is a demonstrated "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, *Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up, quotation omitted). The moving party must shoulder a heavy burden to meet this "strict" standard. *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The decision

to grant or deny reconsideration lies within the sound discretion of the district court. *See Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023).

## DISCUSSION

New York's "no-fault" law requires a Plaintiff seeking to recover in excess of $50,000 on personal injury claims to present evidence (1) that her injury is "serious" and (2) that the injury was proximately caused by the accident at issue. *See* N.Y. Ins. Law §§ 5101–5109; *Pommells v. Perez*, 4 N.Y.3d 566, 571, 830 N.E.2d 278, 281, 797 N.Y.S.2d 380, 382 (N.Y. 2005). With respect to the seriousness of the injury, New York law contemplates multiple categories of harm that can suffice. *See* N.Y. Ins. Law § 5102(d) ("'Serious injury' means . . . death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; or significant limitation of use of a body function or system."). However, as the Court noted in its opinion on summary judgment, even if there were a dispute of fact as to the seriousness of Plaintiff's injuries, a claim pursuant to New York Insurance Law Sections 5101–5109 cannot survive without proof of causation. *See* MSJ Opinion at 8. As discussed below, Plaintiff has failed to raise a dispute of fact with respect to causation, thereby entitling Defendants to summary judgment.

Plaintiff first argues that Defendants failed to make a prima facie showing on causation. *See* P. Mem. 3. But this is a verbatim rehashing of Plaintiff's argument on summary judgment. *Compare* MSJ Opp. at 34 ("Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the submissions by the plaintiff . . . were sufficient to raise a triable issue of fact as to whether she sustained a serious injury . . . as a result of the accident.") *with* P. Mem. at 7 ("Since the defendants failed to meet their prima facie burden, it was unnecessary

to determine whether the submissions by the plaintiff . . . were sufficient to raise a triable issue of fact as to whether she sustained a serious injury . . . as a result of the accident."). Plaintiff does not point to overlooked evidence, a change in the law, or a grievous error that might alter the result, but instead simply petitions the Court for a different result—an approach that is entirely inappropriate on a motion for reconsideration. *See Noel v. City of New* York, No. 15-cv-5236 (LTS) (KHP), 2023 WL 8850070, at *2 (S.D.N.Y. Dec. 21, 2023) ("A motion for reconsideration is not an appropriate tool to rehash [previously made] argument[s]."); *Abadi v. NYU Langone Heath Sys.*, 714 F. Supp. 3d 387, 393 (S.D.N.Y. 2024) (denying motion for reconsideration that "essentially rehashe[d] arguments that were rejected by the Court in its earlier decision."). The Court found that Plaintiff failed to rebut Defendants' causation arguments at the summary judgment stage and finds nothing different now. *See* MSJ Opinion at 8 ("Defendants presented persuasive evidence in the form of expert testimony that Plaintiff's injuries were not caused by the accident, but rather were the result of pre-existing degenerative conditions.").

Plaintiff also argues that the Court relied on an outdated causation standard articulated in *Pommells*, 4 N.Y.3d 566, 830 N.E.2d 278, 797 N.Y.S.2d 380, as opposed to the purportedly "controlling" law of *Perl v. Meher*, 18 N.Y.3d 208, 960 N.E.2d 424, 936 N.Y.S.2d 655 (2011). *See* P. Mem. at 7. Misreading *Perl*, Plaintiff cites it to suggest that a plaintiff is not required to specifically rebut a defendant's showing of a causally intervening pre-existing condition. *See id.* But in *Perl*, the plaintiff did just that: He put forth "contrary evidence," which, "while hardly powerful, was sufficient to raise an issue of fact." *Perl*, 18 N.Y.3d at 218–19, 960 N.E.2d at 429, 936 N.Y.S.2d at 660 (quotations omitted). In other words, the evidence presented by Plaintiff in *Perl* ***did*** rebut the evidence put forth by the defendants—albeit not "powerful[ly]," *id.*—in keeping with settled precedent. *See Smith v. Gray*, No. 21-cv-2035, 2022 WL 1418973, at *1 (2d Cir. 2022)

(summary order) ("[W]here the defendant offers persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff has the burden to come forward with evidence addressing defendant's claimed lack of causation." (quotation omitted)); *Flores v. Bergtraum*, No. 20-cv-1240 (KMK), 2022 WL 125372, at *13 (S.D.N.Y. Jan. 13, 2022), *aff'd*, No. 22-260-cv, 2023 WL 3047968 (2d Cir. Apr. 24, 2023); *Vasquez v. Almanzar*, 107 A.D.3d 538, 540, 967 N.Y.S.2d 361, 363 (1st Dep't 2013); *Valentin v. Pomilla*, 59 A.D.3d 184, 186, 873 N.Y.S.2d 537, 539 (1st Dep't 2009). By contrast, here, Plaintiff's experts simply asserted that in their opinion Plaintiff's injuries were caused by the accident, failing entirely to rebut with specificity Defendant's showing that Plaintiff's injuries were due to a preexisting condition. *See* MSJ Opinion at 11.

Plaintiff also contends that the Court failed to address her so-called 90/180 Claim. P. Mem. at 1. At the time of the motion for summary judgment and the filing of the motion for reconsideration, one way of demonstrating a "serious injury" was by showing:

> A medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law §5102(d) (2025), *amended by* 2026 N.Y. Sess. Laws ch. 58, pt. EE, §1 (A. 10008-C).[3]

Plaintiff argues that summary judgment is inappropriate because Defendants' medical expert, Dr. Spivak, diagnosed Plaintiff with a medically determined injury when he opined that Plaintiff likely had a cervical sprain/strain resulting from the motor vehicle accident. *See* P. Mem.

[3] Neither Party has endeavored to update the Court on the impact, if any, of this amendment, which eliminated this basis for demonstrating serious injury. In any event, the Court concludes that, because Plaintiff did not raise a material dispute of fact with respect to causation, the Court need not consider the so-called 90/180 claim.

at 1–2. This argument is irrelevant, however—as the Court has already held. *See* MSJ Opinion at 8 ("Even if Plaintiff has adequately raised a dispute of material fact with respect to whether she has suffered a serious injury as defined by the statute, Defendants are nonetheless entitled to summary judgment because Plaintiff has failed to raise a genuine dispute of material fact with respect to causation."). The seriousness of an injury is immaterial if the injury was not caused by the accident in question. *See Pommells*, 4 N.Y.3d at 571, 830 N.E.2d at 278, 797 N.Y.S.2d at 384; *Malave v. Fernandez*, No. 16-cv-8100 (KPF), 2018 WL 3967665, at *5 (S.D.N.Y. Aug. 17, 2018); *Arenes v. Mercedes Benz Credit Corp.*, No. 03-cv-5810 (NG) (MDG), 2006 WL 1517756, at *8–9 (E.D.N.Y. June 1, 2006); *Walpole v. Lockhart*, 6 A.D.3d 1087, 1088, 775 N.Y.S.2d 640, 641 (Mem) (4th Dep't 2004); *Alexander v. Felago*, 297 A.D.2d 762, 763, 748 N.Y.S.2d 24, 26 (2d Dep't 2002). Because Plaintiff did not raise a material dispute of fact with respect to causation, the Court need not consider the issue of whether Plaintiff has proven an injury that is "serious" within the meaning of N.Y. Insurance Law Section 5102(d).

In short, Plaintiff has wholly failed to carry the heavy burden necessary to prevail on a motion for reconsideration. A "second bite at the apple" is neither appropriate nor warranted. *Tonga Partners*, 684 F.3d at 52; *see also Walsh v. Townsquare Media*, *Inc.*, 565 F. Supp. 3d 400, 402 (S.D.N.Y. 2021).

## CONCLUSION

The motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to terminate the motion at docket entry number 53.

**SO ORDERED.**

**Date: July 24, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**